## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

**TIMOTHY MOSS** and **COREY REEVES,**
Individually and on behalf of all others similarly situated,

      Plaintiffs,

    **v.**

**AQUILA SERVICES CORPORATION,**
a Wyoming corporation doing business as
"Denver Metro Protective Services,"

      Defendant.

---

## INDIVIDUAL, COLLECTIVE AND CLASS ACTION COMPLAINT
## AND JURY DEMAND

---

The Plaintiffs, Timothy Moss ("Moss") and Corey Reeves ("Reeves") (collectively, "Plaintiffs"), by and through their undersigned counsel from HKM Employment Attorneys LLP, as their Individual, Collective, and Class Action Complaint and Jury Demand against Aquila Services Corporation, a Wyoming corporation doing business as "Denver Metro Protective Services" ("DMPS" or "the Corporation"), state as follows:

### NATURE OF ACTION

1.    The Plaintiffs allege that DMPS violated their rights, and the rights of hundreds of other individuals who were employed by the Corporation as security guards during the six years prior to the filing of this Complaint ("Class Members") under the Fair

Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), Article XVIII, Section 15 of the Colorado Constitution, the Colorado Wage Act, C.R.S. § 8-4-101 et *seq*. ("CWA"), the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 *et seq*. ("CMWA"), the applicable Colorado Minimum Wage Orders, 7 C.C.R. 1103-1 (2015-19) ("Wage Orders"), and the applicable Colorado Overtime and Minimum Pay Standards Orders, 7 C.C.R. 1103-1 (2020-21) ("COMPS Orders"), by failing to pay them wages and minimum wages for the time they spent attending mandatory trainings.

2.      The Plaintiffs also allege that DMPS committed wage theft against them and the other Class Members in violation of C.R.S. § 18-4-401 and is therefore liable for civil theft under C.R.S. § 8-6-116.

3.      The Plaintiffs seek back wages, minimum wages, liquidated damages, statutory penalties, reasonable attorney's fees, and litigation costs for themselves and the other Class Members for the Defendant's violations of the FLSA, CWA, and CMWA.

4.      The Plaintiffs also seek treble damages under C.R.S. § 8-6-116 and 18-4-205 for the Defendant's theft of their wages and the wages of the other Class Members.

5.      In addition, Moss seeks back wages, liquidated damages, statutory penalties, treble damages, reasonable attorneys' fees, and litigation costs for 44.91 hours that he worked outside of the trainings, for which he received no pay.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over the Plaintiffs' and the Class

Members' FLSA claims because those claims arise under the laws of the United States. 28 U.S.C. § 1331; 29 U.S.C. § 201 *et seq.*

7.      The Court may exercise supplemental jurisdiction over the Plaintiffs' and the Class Members' claims brought under Colorado law because those claims form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

8.      Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' and the Class Members' claims occurred in this District. 28 U.S.C. 1391(b)(2).

## **PARTIES**

9.      Plaintiff Timothy Moss is a Colorado resident who worked for DMPS as a security guard from April 22, 2021 to April 29, 2021. Moss has consented to be part of this action and his Consent to Join is attached as Exhibit 1.

10.     Plaintiff Corey Reeves is a Colorado resident who worked for DMPS as a security guard from March 24, 2021 to April 25, 2021. Reeves has consented to be part of this action and his Consent to Join is attached as Exhibit 2.

11.     Defendant Aquila Services Corporation is a Wyoming corporation that does business in Colorado as "Denver Metro Protective Services." DMPS is primarily engaged in providing security guard and patrol services. At all times relevant to this Complaint, the Corporation has been part of Colorado's commercial support industry.

3

12.     At all times relevant to this Complaint, the Plaintiffs and other Class Members were "employees" of DMPS, as defined by the FLSA, and by the CWA, CMWA, Wage Orders, and COMPS Orders (collectively, "Colorado Wage and Hour Law").

13.     At all times relevant to this Complaint, DMPS was an "employer" covered by the FLSA and Colorado Wage and Hour Law.

## GENERAL ALLEGATIONS

14.     The Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

15.     Moss worked for DMPS as a security guard from April 22, 2021 to April 29, 2021. Based on his agreement with the Corporation, Moss was entitled to hourly wages at a rate of $17.25 per hour.

16.     Reeves worked for DMPS as a security guard from March 24, 2021 to April 25, 2021. Based on his agreement with the Corporation, Reeves was entitled to hourly wages at a rate of $17.10 per hour.

17.     On information and belief, all of the Class Members were hourly, nonexempt employees.

18.     DMPS employs dozens of security guards at any given time. The Corporation employed hundreds of Class Members during the six years leading up to the filing of this Complaint.

19.     At all times relevant to this Complaint, DMPS had a policy or practice of

requiring Class Members to attend 3-4 days of mandatory training at the beginning of their employment, but not paying the Class Members any wages for the time they spent in the trainings ("Training Policy").

20.     The trainings the Class Members were required to attend under the Training Policy ("Trainings") occurred during DMPS's regular business hours, *i.e.*, from approximately 8:00 a.m. to 5:00 p.m. on weekdays.

21.     The Trainings were mandatory. The Plaintiffs and the other Class Members had to attend the Trainings in order to work or keep working for the Corporation.

22.     The Trainings were directly related to DMPS's primary business, and included instruction on Corporation policies, procedures, and protocols.

23.     The Trainings were also directly related to the Plaintiffs' and the Class Members jobs, and the work they were to perform for the Corporation.

24.     The Trainings were primarily for the benefit of DMPS, not the Class Members.

25.     DMPS required Moss to attend Trainings on April 21, 22, 23, and 30.

26.     The Corporation did not inform Moss until the second day of the Trainings that he would not be paid for the Trainings.

27.     As a result of its Training Policy, the Corporation did not pay Moss his hourly rate or the minimum wage for the time he spent participating in the Trainings.

28.     DMPS also required Reeves to attend Trainings, which he did on March 24,

25, 26, and 29.

29.     The Corporation did not pay Reeves his hourly rate or the minimum wage for the time he spent participating in the Trainings.

30.     In addition, DMPS required the Plaintiffs and Class Members to purchase a large amount of ammunition for their firearms, and to expend that ammunition during the Trainings.

31.     The ammunition for the Trainings cost each of the Plaintiffs and Class Members hundreds of dollars.

32.     The Corporation did not reimburse the Plaintiffs and Class Members for the expense of the ammunition they were required to expend during the Trainings, thus further reducing their wages.

33.     Hundreds of Class Members were subject to DMPS's Training Policy during the six years prior to the filing of this Complaint.

34.     DMPS's management told the Plaintiffs that the Corporation did not pay for the Trainings because it cost DMPS hundreds of dollars to offer the trainings.

35.     Moss worked 44.91 hours for the Corporation after the Trainings, for which he was not compensated. As such, the DMPS deducted approximately $775 from his wages without any legal justification.

36.     At all times during the Relevant Period, the Corporation was aware, or should have been aware, of the requirements of the FLSA and Colorado Wage and Hour Law,

6

nevertheless, it failed to pay the Plaintiffs and the Class Members federal and Colorado minimum wages. Its violations of the FLSA and Colorado Wage and Hour Law were therefore willful.

37.     Moss sent DMPS a letter demanding the wages due to him on May 17, 2021. The Corporation received the letter but did not tender the money that it owed to Moss in response to his demand.

38.     Through this Complaint, the Plaintiffs, on behalf of themselves and all other Class Members, demand that DMPS immediately tender all wages, minimum wages, and liquidated damages owed to them and the other Class Members. This includes the wages and damages owed to all individuals who worked for the Corporation during the six years prior to the filing of this lawsuit, as well as all employees who were hired by or worked for DMPS after the filing of this Complaint and up to the date on which the illegal policies and practices described above permanently cease.

## COLLECTIVE ALLEGATIONS

39.     The Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

40.     In addition to bringing this case individually, the Plaintiffs bring the FLSA claims in this Complaint on behalf of the following FLSA Collective:

> **All individuals who worked for Denver Metro Protective Services as security guards at any time between June 1, 2018 and the present.**

41.     The Plaintiffs and the FLSA Collective Members are "similarly situated" under 29 U.S.C. § 216(b) because they were all subject to the Training Policy and were therefore deprived of federal minimum wages.

42.     The Plaintiffs have consented to be a part of this action, and their Consents to Join are attached as Exhibits 1 and 2.

## CLASS ALLEGATIONS

43.     The Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

44.     In addition to bringing this case individually and on behalf of the FLSA Collective, the Plaintiffs will move the Court to certify their Colorado claims under Fed. R. Civ. P. 23 for and on behalf of the following Colorado Class:

> **All individuals who worked for Denver Metro Protective Services as security guards at any time between June 1, 2015 and the present.**

45.     The Colorado Class satisfies the prerequisites and requirements of Fed. R. Civ. P. 23:

a. DMPS employed hundreds of security guards during the Relevant Period. The joinder all of all such individuals is impracticable;

b. Questions of law and fact that are common to the Colorado Class predominate over questions affecting individual Class Members. Such questions include, but may not be limited to:

      i.   Whether DMPS had a policy and/or practice of failing to pay Colorado minimum wages for all of the hours that Class Members worked;

     ii.   Whether DMPS had a policy and/or practice of failing to pay Colorado minimum wages to the Class Members for the hours that they spent participating in the Trainings;

   iii.   Whether DMPS had a policy and/or practice of deducting money from Class Members' final wages;

   iv.   Whether DMPS's policies and/or practices violated Colorado Wage and Hour Law;

    v.   Whether DMPS's violations of Colorado Wage and Hour Law were willful; and

   vi.   Whether DMPS's policies and/or practices constitute wage theft under Colorado law.

c.  The Plaintiffs' claims are typical of the claims of the Class Members because the Plaintiffs were subject to the policies and practices that are at issue in this case;

d.  The Plaintiffs will fully and adequately protect the interests of the Colorado Class. They have retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither the Plaintiffs nor their

counsel have interests that are contrary to, or conflicting with, the interests of the Colorado Class.

46.     Moreover, a class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Colorado Class Members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual, along with the fear of reprisal by their employer.

47.     Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in multiple state and federal courts.

48.     This case will be manageable as a Rule 23 Class action.  The Plaintiffs and their counsel know of no unusual difficulties in this case.

49.     Moreover, the Corporation acted and refused to act on grounds that apply generally to the Colorado Class and declaratory relief is therefore appropriate in this case with respect to the Colorado Class as a whole.

## COUNT I

**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF
THE FAIR LABOR STANDARDS ACT**

**29 U.S.C. § 201 et seq.**

50.     The Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

51.     At all times relevant to this action, DMPS was an "employer" and an

"enterprise engaged in commerce" under 29 U.S.C. § 203(d) and 29 U.S.C. § 203(s) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

52.     At all times relevant to this action the Plaintiffs and the FLSA Collective Members were "employees" of the Corporation within the meaning of 29 U.S.C. § 203(e)(1).

53.     Under the FLSA, DMPS was required to pay the Plaintiffs and the FLSA Collective Members the federal minimum wage of $7.25 per hour for all of the hours that they worked. 29 U.S.C. § 206.

54.     At all times relevant to this Complaint, DMPS's Trainings Policy required FLSA Collective Members to attend 3-4 days of mandatory training at the beginning of their employment.

55.     The Corporation did not pay the FLSA Collective Members for the time they spent participating in the Trainings.

56.     Additionally, DMPS required the Plaintiffs and the FLSA Collective Members to purchase and expend their own ammunition for the Trainings, thereby further reducing their wages.

57.     As a result of DMPS's Training Policy, the Corporation violated the FLSA by failing to pay the Plaintiffs and the Collective Members the federal minimum wage for all of the hours that they worked.

58.     Additionally, the Corporation violated the FLSA by failing to pay Moss the

federal minimum wage for 44.91 hours that he worked after the Trainings.

59.     Because DMPS was aware, or should have been aware, of the minimum wage requirements of the FLSA at all times during the Relevant Period, and nevertheless failed to pay the Plaintiffs and the FLSA Collective Members the federal minimum wage, the Corporation's violations of federal law were willful.

60.     Based on DMPS's violations of the FLSA, the Plaintiffs and the FLSA Collective Members are entitled to unpaid minimum wages, liquidated damages, reasonable attorney's fees, and the costs of this litigation. *See* 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF COLORADO WAGE AND HOUR LAW

### Colo. Const. Art. XVIII § 15
### C.R.S. § 8-6-101 *et seq.*
### 7 C.C.R. 1103-1

61.     The Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

62.     At all times relevant to this Complaint, the Plaintiffs and the Class Members were "employees" subject to the protections of Colorado Wage and Hour Law. *See* 7 C.C.R. 1103-1, Rule 1.5.

63.     At all times Relevant to this Complaint, DMPS was an "employer" who was part of Colorado's commercial support industry and covered by Colorado Wage and Hour Law. *See* 7 C.C.R. 1103-1, Rule 1.6; 7 C.C.R. 1103-1:2 (2015-19).

64.     Under the CMWA, DMPS was required to pay the Plaintiffs and the Class Members at least the Colorado minimum wage for each hour that they worked. Colo. Const. Art. XVIII § 15. The Colorado minimum wage was $8.23 per hour in 2015; $8.31 per hour in 2016; $9.30 per hour in 2017; $10.20 per hour in 2018; $11.10 per hour in 2019; $12.00 per hour in 2020; and $12.32 per hour in 2021.

65.     The Corporation violated the CMWA by failing to pay the Plaintiffs and the Class Members the Colorado minimum wage for the time they spent participating in the Trainings.

66.     DMPS further violated the CMWA by requiring the Plaintiffs and the Class Members to supply their own ammunition, thus further reducing their wages below the Colorado minimum wage.

67.     Additionally, the Corporation violated the CMWA by deducting 44.91 hours from Moss's final wages, and thus not paying him the Colorado minimum wage for those hours.

68.     Because of its failure to pay Colorado minimum wages, DMPS is liable to the Plaintiffs and the Class Members for their unpaid minimum wages, together with reasonable attorneys' fees and court costs. *See* C.R.S. § 8-6-118.

//

//

## COUNT III

### FAILURE TO PAY WAGES DUE IN VIOLATION OF
### COLORADO WAGE AND HOUR LAW

### C.R.S. § 8-4-101 *et seq.*
### 7 C.C.R. 1103-1

69.     At all times relevant to this Complaint, the Plaintiffs and the Class Members were "employees" subject to the protections of the CWA. C.R.S. § 8-4-101(5).

70.     At all times relevant to this Complaint, DMPS was an "employer" covered by Colorado Wage and Hour Law. C.R.S. § 8-4-101(6).

71.     The CWA requires employers to make timely payment of all wages due to employees. C.R.S. § 8-4-103.

72.     The CWA further requires employers to timely pay all wages due to an employee whose employment has been terminated for any reason. C.R.S. § 8-4-109.

73.     The CWA prohibits employers from making deductions from employees' wages, subject to very narrow exceptions (such as tax withholdings) that are not applicable to the deductions made by the Corporation in this case. *See* C.R.S. § 8-4-105.

74.     As a result of its Training Policy, DMPS violated the CWA by failing to pay the Plaintiffs and the Class Members their agreed hourly rates for all of the hours that they spent participating in the Trainings, and by reducing their hourly rates by making them pay for ammunition.

75.     Additionally, the Corporation violated the CWA by failing to pay Moss for

14

44.91 hours that he worked after the Trainings.

76.    Because DMPS was aware, or should have been aware, of the requirements and prohibitions of the CWA, but failed to pay the Plaintiffs and the Class Members the wages due to them, the Corporation's violations of the CWA were willful.

77.    Based on DMPS's violations of the CWA, it is liable for unpaid wages, statutory penalties, additional penalties for the willfulness of its actions, reasonable attorneys' fees and costs. *See* C.R.S. §§ 8-4-109, 8-4-110.

## COUNT IV

### WAGE THEFT

78.    The Plaintiffs incorporate the allegations in the paragraphs above as if fully set forth herein.

79.    Under Colorado law, "every employer or other person who intentionally, individually or as an officer, agent, or employee of a corporation or other person, pays or causes to be paid to any such employee a wage less than the minimum commits theft as defined in [C.R.S. § 18-4-401]."

80.    DMPS committed wage theft in violation of Colorado law by intentionally withholding minimum wages that were due to the Plaintiffs and the Class Members.

81.    Because the Corporation committed theft in violation of Colorado law, it is liable to each of the Plaintiffs and the Class Members for two hundred dollars or three times the amount of minimum wages withheld, whichever is greater. *See* C.R.S. §18-4-405.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully ask the Court to enter judgement for them, the FLSA Collective, and the Colorado Class, and in addition:

A.  Conditionally certify the FLSA Collective and authorize notice of this lawsuit to be sent to all FLSA Collective Members;

B.  As soon as practicable, certify this case as a class action under Fed. R. Civ. P. 23, appoint the Plaintiffs as class representatives and the undersigned counsel as class counsel, and authorize notice of this lawsuit to be sent to all putative Colorado Class Members;

C.  Enter a declaratory judgment condemning the Defendant's willful violations of the FLSA and Colorado Wage and Hour Law;

D.  Grant preliminary and permanent injunctions prohibiting the Defendant from continuing its illegal wage and hour policies and practices;

E.  Award the Plaintiffs and each FLSA Collective Member federal minimum wages for the hours that they were paid less than the federal minimum wage;

F.  Award the Plaintiffs and each FLSA Collective Member liquidated damages in amounts equal to the federal minimum wages awarded;

G.  Award the Plaintiffs and each Colorado Class Member Colorado minimum wages or their agreed hourly rates, whichever is greater, for the hours they worked for less than the applicable minimum wage rates;

H.  Award the Plaintiffs and the Colorado Class Members who were employed by the Defendant during the three years prior to the filing of this Complaint statutory damages and additional damages for willfulness pursuant to C.R.S. § 8-4-109;

I.  Award the Plaintiffs and the Class Members damages representing three times the minimum wages that were withheld from them under C.R.S. § 18-4-105;

J.  Award the Plaintiffs service awards for their time and efforts on behalf of the FLSA Collective and the Colorado Class;

K.  Order the Corporation to reimburse the Plaintiffs for their reasonable attorneys' fees and costs incurred in this action;

L.  Order the Corporation to pay the costs of administering any and all notices and payments to the FLSA Collective Members and the Colorado Class Members; and

M. Award all other and further relief that the Court finds to be equitable and just.

## **JURY DEMAND**

The Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted this 1st day of June 2021.

*/s/ Adam M. Harrison*

_____
Claire E. Hunter
Adam M. Harrison
HKM Employment Attorneys LLP
730 17th Street, Suite 750

Denver, Colorado 80202
720.255.0370
chunter@hkm.com
aharrison@hkm.com

*Counsel for the Plaintiffs, individually and on behalf of all others similarly situated*