IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-01462-RM-KLM

SHAWN MESS, TIMOTHY MOSS, and COREY REEVES,
individually and on behalf of all others similarly situated,

     Plaintiffs,

      v.

AQUILA SERVICES CORPORATION,
a Wyoming corporation doing business as "Denver Metro Protective Services,"

     Defendant.

## ORDER GRANTING JOINT MOTION SEEKING FINAL APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT AND UNOPPOSED MOTION SEEKING APPROVAL OF ATTORNEYS' FEES AND COSTS

This matter comes before the Court on the Parties' Joint Motion Seeking Final Approval of Class and Collective Action Settlement (ECF No. 59) and the Plaintiffs' Unopposed Motion Seeking Approval of Attorneys' Fees and Costs (ECF No. 61). Having reviewed the Motions and being fully advised in the premises, the Court hereby GRANTS the Motions and ORDERS as follows:

1. The Court finds that the Colorado Class reflected in the Settlement satisfies the prerequisites of Fed. R. Civ. P. 23(a) of commonality, typicality, numerosity, and adequacy of representation, as well as the requirements of Fed. R. Civ. P. 23(b)(3). Accordingly, the Court GRANTS FINAL CERTIFICAION of the Colorado Class pursuant to Fed. R. Civ P. 23;

2. The Court also finds that the FLSA Collective reflected in the Settlement, consisting of Plaintiff Shawn Mess and ten (10) opt-in Members, are "similarly situated" under

the standards set forth in *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095 (10th Cir. 2001). Accordingly, the Court GRANTS FINAL CERTIFICATION of the FLSA Collective;

3. The Court finds that the Settlement of the claims of the Colorado Class is "fair, reasonable, and adequate" under the standards established in *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180 (10th Cir. 2002) and set out in Fed. R. Civ. P. 23(e): (1) the settlement was fairly and honestly negotiated at arm's length by Parties who were represented by competent counsel; (2) serious questions of law and fact places the ultimate outcome of the litigation in doubt; (3) the value of an immediate recovery, which includes payment of 73 cents for every dollar alleged to be owed to the Class Members, outweighs the mere possibility of future relief, especially taking into account the cots, risks, and delay that would be associated with a trial and appeal; (4) the Parties judge the settlement to be fair and reasonable; (5) the Plaintiffs and their counsel have adequately represented the Class Members; (6) the proposed method of distributing relief to the class, i.e., the payment of equal amounts to the Class Members administered by Rust Consulting, Inc., is reasonable; (7) the proposed award of attorneys' fees, and the proposed timing of payment of such fees, are reasonable; (8) the proposed service awards, and the proposed timing of the payment of such service awards, are reasonable; and (9) the Settlement treats Class Members equitably in relation to one another. The Court also finds that the Settlement of the claims of the FLSA Collective is "fair and reasonable" under the standards set out in *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F. 2d 1350, 1352-55 (11th Cir. 1982) in that: (A) this litigation involves

bona fide disputes under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), (2) the Settlement is fair and equitable to all parties concerned, and it is consistent with the policy rationales of the FLSA; and (3) the Settlement contains a reasonable award of attorneys' fees. Accordingly, the Court GRANTS FINAL APPROVAL of the Settlement and ORDERS that:

   a. The Defendant shall pay the Gross Settlement Amount of $249,499.00 in the timing and manner set forth in the Settlement Agreement; and

   b. The Settlement Administrator, Rust Consulting, LLC, shall distribute the Gross Settlement Amount in accordance with the Settlement Agreement;

4. The Court finds that the fees sought by Class Counsel of $68,000.00 are reasonable under the factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d, 717-19 (5th Cir. 1974) and the lodestar crosscheck. The amount sought is less than 30% of the Gross Settlement Amount. As such, the Courts APPROVES attorneys' fees of $68,000.00 to be paid from the Gross Settlement Amount in accordance with the Settlement Agreement;

5. The Court hereby ORDERS that this Action is DISMISSED with Prejudice.

DATED this 3rd day of August, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge